## Porter & Brazelton *vs.* Hosea Moffett.

### *Error to Henry.*

Where, after plea, the declaration is amended and then refiled, the old plea is no longer a plea to the new declaration without being refield, especially after the defendant has been ruled to plead anew.

The facts of this case are set forth in the opinion of the court.

HALL, for plaintiffs in error.

J. B. & G. W. TEAS, for defendant in error.

BY THE COURT, WILSON, JUSTICE.—This was an action of covenant, brought by Moffett against Porter & Brazelton, to April term, 1839. On the 14th of March 1839, a declaration was filed by plaintiff, to which a plea of *non est factum* with notice of special matter was filed at the April term 1839. At the same time the plaintiffs asked and obtained leave to amend their declaration, upon the payment of all costs, and filed an amended declaration on the first of May, 1839. At the August term 1839, the parties appeared by their attorneys, and by consent of parties, the cause was continued, and the defendants ruled to plead by the first of January following. Default was entered in vacation against defendants for want a of plea, which default was confirmed at the March term 1840, and an assessment of damages by a jury.— At the same time a motion in arrest of judgment was made, which was withdrawn, and judgment rendered on the verdict.

There are five errors assigned, but they are all contained, substantially, in the fifth. It is contended by the plaintiff in error, that there was no default; that the plea filed to the first declaration should have been considered as answering the amended declaration.

We cannot come to this conclusion. Where a declaration which is pleaded to, is withdrawn for amendment, is amended and refiled, it is viewed as a new declaration, and its withdrawal would seem to render a nullity any plea to it. The foundation being removed, the superstructure must fall.

But further, it appears from the record, that at the term subsequent to the one at which the plaintiff filed his amended declaration, the parties appeared, and by consent of parties the cause was continued, and

the defendants ruled to plead by the first of January then next ensuing. Here was a peremptory rule of the court, which was not complied with, on which non-compliance the defendants were in default, and in the confirmation of which, we see no error.    Judgment affirmed.

## Maltby & Bolls, for the use of Wheatley *vs.* Cooper.

Morris.
Im 59
108  698

### *Error to Desmoines.*

Where *actions on the case* are mentioned in general terms, *assumpsit* is included. Statutes of limitations may be made to take effect on antecedent contracts.
By our statute, five years are sufficient to bar an action of assumpsit, on a promissory note—though in an action of debt, six is required.
The legislature has power to pass such a law, to operate on cases where five years shall have already elapsed.

Cooper had given three promissory notes to Maltby & Bolls, which were due in 1833.    The statute of limitations had been running in relation to them between five and six years, when an action of assumpsit was brought thereon.    The statute of limitations was pleaded, to which there was a general demurrer, which was overruled by the court.

WILLIAM H. STARR, for plaintiff in error, argued:

1. That the act of the legislature of Iowa, approved January 25, 1839, could not be so applied to this case as to limit the time of bringing suit to five years, inasmuch as five years had already elapsed when the statute was passed.
2. That the same act should not be so construed as to allow a writ to be brought on a promissory note, in one form of action, at any time within six years, and in another form of action limit it to five years.
3. That even if five years had not already elapsed, it would be giving a retrospective operation to the statute to apply the five year rule to this case.

RORER, contra, cited Lord vs. Sheldon, 3 Cond. Rep. 131—3 Peters, 378—11 Wheat. 316, and 361—6 Am. Com. Law 477 and 496—3